NUMBER 13-01-060-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


HENRY TAYLOR WILLIAMS, Appellant,


v.


THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 24th District Court of Calhoun County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Yañez


Appellant, Henry Taylor Williams, entered an agreed plea of nolo contendere to a charge of possession of a firearm by a
felon. Based on appellant's prior convictions, the charge was enhanced to a second degree felony. While still retaining
court-appointed counsel, appellant filed a pro se notice of appeal. Counsel's subsequent motion to withdraw as counsel was
refused by the trial court due to the filing of a notice of appeal. 

Appellant's counsel filed an Anders brief concluding that this appeal is wholly frivolous and without merit. Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396 (1967). Without addressing counsel's contentions, we dismiss the appeal for want
of jurisdiction because appellant's notice of appeal provides no basis for an appeal from the plea-bargained judgment.

Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure provides that following an agreed plea of nolo contendere, and
where the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, a
notice of appeal must specify that (1) the appeal is for a jurisdictional defect; (2) the substance of the appeal was raised by a
written motion and ruled on before trial; or (3) state that the trial court granted permission to appeal. See TEX. R. APP. P.
25.2(b)(3). 

Because appellant entered an agreed plea of nolo contendere, and because the punishment assessed did not exceed the
punishment recommended by the prosecutor, rule 25.2(b)(3) limits our jurisdiction over his appeal. Appellant asserts no
jurisdictional defects, claiming only lack of evidence; appellant does not contend that his appeal is from an issue raised by
written motion and ruled on before trial; and finally, appellant's notice of appeal does not set out that the trial court granted
him permission to pursue his appeals. Therefore, appellant's notice of appeal is insufficient to invoke the jurisdiction of this
court.

We dismiss appellant's appeal for want of jurisdiction. 

In accordance with Anders, appellant's attorney has asked permission to withdraw as counsel for appellant. See Anders,
386 U.S. at 744. We grant the attorney's motion to withdraw. We order appellant's attorney to notify appellant of the
disposition of this appeal and of the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997).

 

LINDA REYNA YAÑEZ

Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

28th day of June, 2001.