Luna v. SOT






NUMBER 13-00-727-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

_____________________________________________________________


HENRY LUNA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

______________________________________________________________


On appeal from the 148th District Court of Nueces County, Texas.

______________________________________________________________

MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Justice Hinojosa


Appellant, Henry Luna, was charged by indictment with the offense of driving while intoxicated ("DWI"), (1) enhanced to a
third-degree felony because of three prior DWI convictions. (2) Appellant was also indicted as an habitual felony offender
because he had been previously convicted for aggravated assault on a peace officer (3) and another felony DWI. (4) After a
jury found him guilty, appellant pleaded true to the habitual felony offender allegations. The trial court assessed appellant's
punishment at thirty-five years imprisonment.

A. Appellant's Appeal

As this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1.

Appellant's attorney has filed a brief in which he states that he has reviewed the clerk's record and reporter's record and
concludes that appellant's appeal is frivolous and without merit. Anders v. California, 386 U.S. 738 (1967). The brief
meets the requirements of Anders as it presents a professional evaluation showing why there are no arguable grounds for
advancing an appeal. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). In the brief, appellant's
attorney also states that he has informed appellant of his right to review the appellate record and to file a pro se brief.

On June 15, 2001, appellant informed this Court that he intended to file a pro se brief, and requested a copy of the clerk's
record and the reporter's record. Appellant was provided with both records. However, he has failed to file a brief with this
Court.

Upon receiving a "frivolous appeal" brief, appellate courts must conduct "a full examination of all the proceeding[s] to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988). We have carefully reviewed the
appellate record and counsel's brief and have found nothing in the record that might arguably support the appeal. See
Stafford, 813 S.W.2d at 511. We agree with appellant's counsel that the appeal is wholly frivolous and without merit.

The judgment of the trial court is affirmed.

B. Counsel's Motion to Withdraw


In accordance with Anders, appellant's attorney has asked permission to withdraw as counsel for appellant. See Anders,
386 U.S. at 744. We grant such permission. We order appellant's attorney to notify appellant of the disposition of this
appeal and of the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).





FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

13th day of December, 2001.

1. See Tex. Pen. Code Ann. art. 49.04(a)(Vernon Supp. 2001).

2. See Tex. Pen. Code Ann. art. 49.09(b)(Vernon Supp. 2001).

3. See Tex. Pen. Code Ann. art. 22.01(a), (b)(Vernon 1994).

4. See Tex. Pen. Code Ann. art. 12.41(d)(Vernon 1994).