**Ex parte David Wayne WILSON.**

**No. 72759.**

Court of Criminal Appeals of Texas,
En Banc.

Nov. 5, 1997.

Sandra K. Foreman, Huntsville, (State Counsel for Offenders), for appellant.

Lynn P. Hardaway, Assistant District Attorney, Baldwin Chin, Assistant District Attorney, Houston, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

PER CURIAM.

After a trial before the court, Applicant was convicted of aggravated assault. The court found one of the enhancement allegations to be true and assessed punishment at confinement for twenty years. The Court of Appeals affirmed the conviction. *Wilson v. State*, No. 01–92–01224–CR, 1993 WL 542176 (Tex.App.—Houston [1st], delivered December 30, 1993). In August, 1995, Applicant filed this application for a post-conviction writ of habeas corpus in accord with Article 11.07, V.A.C.C.P. Applicant claims that under *Ex parte Jarrett*, 891 S.W.2d 935 (Tex.Cr. App.1995), his appellate attorney deprived him of the opportunity to file a petition for discretionary review.

### FACTS

Applicant alleges that his attorney did not inform him that the Court of Appeals had affirmed his conviction. He also claims counsel failed to advise him about the merits and possible advantages and disadvantages of pursuing discretionary review as required by *Jarrett*. In response, appellate counsel filed an affidavit that he had mailed a copy of the Court of Appeals' opinion to Applicant after the conviction was affirmed. Counsel stated he told Applicant he would not represent him any further because Applicant had filed a grievance against him and because counsel did not believe a petition for discretionary review would have any merit. Counsel asserted that he "did not have the type of correspondence or conversations contemplated by Ex parte Jarrett," but that *Jarrett* was decided almost ten months after Applicant's conviction was affirmed. The trial court found the facts asserted in counsel's affidavit to be true. Counsel's affidavit raises the issue of retroactivity of *Jarrett*.

### EX PARTE JARRETT

We begin our retroactivity analysis with *Jarrett*. In *Jarrett* this Court held that an appellate attorney has a duty to explain the meaning and effect of an appellate court decision, to express professional judgment about possible grounds for review, and to discuss advantages and disadvantages of further review. *Jarrett*, 891 S.W.2d at 940, 944. Despite attaching these duties to appellate counsel, this Court reaffirmed its decision in *Ayala v. State*, 633 S.W.2d 526 (Tex.Cr.App. 1982), that a defendant has no constitutional right to counsel for pursuing discretionary review, even though a defendant has a right to prepare and file a petition for discretionary review. *Jarrett*, 891 S.W.2d at 939. Closer analysis of *Jarrett* shows the duties imposed on appellate counsel overstep the bounds of the right to counsel on direct appeal because no such right exists for pursuing discretionary review. However, the ultimate holding in *Jarrett* is still correct. If appellate counsel's action or inaction denies a defendant his opportunity to prepare and file a petition for discretionary review, that defendant has been denied his sixth amendment right to effective assistance of counsel. *Jarrett*, 891 S.W.2d at 939.

Counsel's duty as set out in *Jarrett* originates from two related sources: Article 26.04, V.A.C.C.P., as amended in 1987, and *Ex parte Axel*, 757 S.W.2d 369 (Tex.Cr.App. 1988). We relied on Art. 26.04 by deciding that the point at which a defendant should be informed of the disposition of the appeal and what step comes next is part of the direct appeal process. However, we then extended

the direct appeal process into the discretionary review area by requiring counsel to give advice pertaining to the merits of discretionary review as if appellate counsel's duties were analogous to those in *Axel*.

 This Court's reliance on Art. 26.04 and *Axel* is misplaced because these concern an appeal one has of right. Attendant to an appeal of right is a right to counsel. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Texas accords defendants an appeal of right. See Article 44.02, V.A.C.C.P. However, the scope of the right to counsel is governed by the right to which it attaches. It makes sense that counsel on direct appeal must inform a defendant of the result of the appeal. However, since a defendant has no further right to counsel, it makes no sense to require counsel to discuss the merits of what the defendant would include in a petition for discretionary review. A defendant given an appeal of right is entitled to counsel who must inform the defendant, in accord with *Axel*, of the right to appeal, including expressing professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal. *Axel*, 757 S.W.2d at 374. Counsel must advise a defendant of rights pertaining to direct appeal. That is why in *Axel* this Court found the attorney to have been ineffective *on appeal*. In contrast, because a defendant has no right to counsel for pursuing discretionary review, appellate counsel has no constitutional or statutory duty to give advice to a defendant pertaining to the merits of discretionary review. Counsel may not deny a defendant the right or opportunity to avail himself of discretionary review, but counsel need not discuss the merits of such review because a defendant has no right to counsel for discretionary review.

The scope of the duty attached to counsel is governed by the right to which that duty attaches. The right to counsel on an appeal of right, under Art. 26.04, ends with the conclusion of the direct appeal. That means counsel on appeal must inform a defendant of the result of the direct appeal and the availability of discretionary review. But, because there is no right to counsel on discretionary review, the duty of counsel ends there. While it may be wiser to give more complete information to a defendant, it is neither constitutionally nor statutorily required.

In *Jarrett* this Court erroneously analogized the duties of appellate counsel after the court of appeals has decided a case, to that of the trial attorney in *Axel* after the defendant has been sentenced. In *Axel* this Court explained that the trial attorney continues as counsel for appellate purposes, unless he affirmatively withdraws, *because* the defendant has a right to counsel on appeal. This Court decided that trial counsel has a duty to protect a defendant so that he can exercise that right to appeal. In contrast, according to *Ayala*, a defendant has no right to counsel for pursuing discretionary review. Thus, *Jarrett* was based on the incorrect premise that the duties imposed by *Axel* on a trial attorney turned appellate attorney, because a defendant has a right to counsel on appeal, were analogous to those of an appellate attorney for a process for which a defendant has no right to counsel. Those duties set out in *Axel* stem from the interdependent rights to counsel and appeal. Because there is no right to counsel on discretionary review, the appellate attorney has no duty to inform a defendant of details pertinent to further review.

We overrule *Jarrett* to the extent it held that an appellate attorney has an obligation to inform a defendant of anything other than the fact that his conviction has been affirmed and he can pursue discretionary review on his own. This information sufficiently protects a defendant's right to file a petition for discretionary review. Counsel has no other constitutional obligations because a defendant has no right to counsel for purposes of discretionary review.

 In the instant case the trial court found appellate counsel's affidavit to be true. In that affidavit counsel stated that he mailed Applicant a copy of the Court of Appeals' opinion and informed Applicant that he did not believe a petition for discretionary review would have any merit. This is sufficient to protect Appellant's right, if he de-

sired, to file a petition for discretionary review. Accordingly, relief is denied.

MEYERS, J., not participating.

BAIRD, Judge, dissenting.

This habeas corpus petition presents a single question: whether the rule announced in *Ex parte Jarrett*, 891 S.W.2d 935 (Tex.Cr. App.1994), is retroactive. However, the majority avoids the retroactivity issue by overruling *Jarrett* "to the extent it held that an appellate attorney has an obligation to inform a defendant of anything other than the fact that his conviction has been affirmed and he can pursue discretionary review on his own." *Ante* at 27. Because the majority does not resolve the issue presented and fails to recognize the true holding of *Jarrett*, I dissent.[1]

## I.

In *Jarrett, supra*, the applicant contended counsel's failure to advise an appellant of the court of appeals' decision, the right to petition this Court for discretionary review and the plausible grounds and possible merit of such a petition constituted ineffective assistance of counsel. In *Jarrett*, we set forth the duties of appellate counsel following the decision of the court of appeals:

> Pursuant to Rule 91 *appellate counsel* has a duty to notify the appellant of the actions of the appellate court and to *consult with and fully advise* the appellant of the *meaning and effect of the opinion of the appellate court.* Finally, although appellate counsel has *no duty to file a petition for discretionary review, Ayala*, 633 S.W.2d. at 528, *appellate counsel* does have the duty, under art. 26.04, to *advise the appellant of the possibility of review by this Court as well as expressing his professional judgment as to possible grounds for review and their merit, and delineating*

*the advantages and disadvantages of any further review.*[2]

*Id.*, 891 S.W.2d at 940.

The majority purports to agree with *Jarrett* to the extent appointed appellate counsel has the duty to inform his indigent client of the intermediate court's decision and of the defendant's right to file a petition for discretionary review *pro se.* This, says the majority, is the "ultimate holding of *Jarrett*" which, they hold is still correct. *Ante* at 26. However, the majority argues *Jarrett*'s requirement that appellate counsel render advice regarding possible grounds for review goes beyond what is statutorily or constitutionally required of appellate counsel. *Ante* at 26. *Their rationale is grounded exclusively in their position that there is no "right" of discretionary review by this Court* and, therefore, appellant has no right to the assistance of counsel for the purpose of discretionary review. *Ante* at 26.

The argument erroneously assumes that *Jarrett* recognized a "right" of discretionary review by this Court. Nothing could be further from the truth. It is axiomatic that there is no "right" of discretionary review by this Court. In *Ayala v. State*, 633 S.W.2d 526, 528 (Tex.Cr.App.1982), this Court held *"Discretionary review by the Court of Criminal Appeals is not a matter of right, but of sound judicial discretion." See also,* Texas Constitution, art. V, § 5; and, Tex.R.App. P. 66.2. Furthermore, in *Jarrett* we specifically stated: "Though *there is no right to have discretionary review granted* by this Court, we have held that due to the very fact that the provision exists *there is a right to make a request* to this Court." *Id.*, 891 S.W.2d at 940.

The right secured by *Jarrett* is the *right to petition* this Court for review, not the actual right of review itself. Counsel's duty to advise appellant of the possibility of review by this Court as well as his duty to express

1. As noted in the dissents in *Ex parte McJunkins*, 926 S.W.2d 296, 298 (Tex.Cr.App.1996), and *Anson v. State*, 1997 WL 621305, ⸺ S.W.2d ⸺ (Tex.Cr.App. No. 741–96, delivered October 8, 1997), a majority of this Court, with an ever increasing frequency, decides cases by resolving issues that are not properly before the Court. By doing so, the parties are misled into believing the

Court will resolve the issue it agreed to hear and deprived the opportunity to brief the issue which is ultimately decided. Today, a majority of the Court continues this disturbing trend.

2. All emphasis supplied unless otherwise indicated.

professional judgment as to possible grounds for review and their merit, and the advantages and disadvantages of further review, are more firmly rooted in law than the majority recognizes.

## II.

Our holding in *Jarrett* was based upon our decisions of *Ayala*, 633 S.W.2d 526, and *Ex parte Axel*, 757 S.W.2d 369 (Tex.Cr.App. 1988). In *Ayala*, this Court recognized there is no right to either discretionary review itself, or counsel. for the purpose of such review, but that as long as the procedure existed, there is an affirmative right to request review by this Court.

The issue in *Axel* is analogous to the issue presented in *Jarrett*, except that *Axel* dealt with trial counsel's duty to advise his client of the merit of seeking a direct appeal. Additionally, we relied on the Legislature's intent, manifest in the unambiguous language and plain meaning of Tex.Code Crim. Proc. Ann. art. 26.04, which requires appointed appellate counsel to represent his client until *appeals* are exhausted, and former Tex.R.App. P. 91 (1986, repealed 1997),[3] which provides for post-appeal notification of appellant of the appellate proceedings. In *Axel*, we carefully explained:

> Representation by trial counsel does not terminate at end of trial—if that means when a jury has returned its final verdict on punishment. The sentencing proceeding is a critical part of trial, requiring assistance from trial counsel, and similarly thereafter the determination to give notice of appeal. Informing a defendant of his right to appeal is part and parcel of also further advising him along lines of the [ABA] Standards ... in order to make a decision whether to take an appeal.

*Id.*, 757 S.W.2d at 373.

Just as trial counsel is responsible for representing a defendant during the procedural gap between sentencing and the decision to appeal, appellate counsel has a duty to represent a defendant until an informed decision whether to file a petition for discretionary review is made. On rehearing in *Jarrett*, Judge Meyers discussed the minimal advice an objectively reasonable appellate attorney must provide a defendant whose only remaining concern is whether to seek review by this Court. Judge Meyers explained:

> we do not mean to hold, of course, that appellate attorney must continue as advocates for their clients through the discretionary review process itself, but it is after all, a critical part of an attorney's job to help his client make decisions of substantial legal significance.

> As we held on original submission, it is the *professional duty of an appellate lawyer* to explain the meaning and effect of an appellate court decision in his client's case, to acquaint his client with available options for further review of the case, and to assist his client with the decision whether to seek such review.

*Id.*, 891 S.W.2d at 944 (Op. on Reh'g). This is so because the judgment of an intermediate appellate court in a criminal case does not. become final at once. Tex.Code Crim. Proc. Ann. arts. 42.045, 44.45(a); and former Tex.R.App. P. 86(a) (1986, repealed 1997).[4] Therefore,

> the rendition of a judgment does not immediately exhaust the appellate process. During the entire period of time between the rendition of an opinion by the appellate court and the date upon which it becomes final, therefore, the *appellate lawyer still represents his client and remains under a duty to provide him with satisfactory legal counsel.*

*Jarrett*, 891 S.W.2d at 944 (Op. on Reh'g). This comports with the requirements of art. 26.04 that appointed appellate counsel continue his representation of appellant until appeals are exhausted.

Specifically, the majority attacks *Jarrett*'s reliance on art. 26.04 and *Axel* as "... misplaced because [they] concern *an appeal one has of right.*" *Ante* at 26. This contention

---

**3.** Current version of former Tex.R.App. P. 91 (1986, repealed 1997) found in Tex.R.App. P. 48.1, eff. Sept. 1, 1997.

**4.** Current version of former Tex.R.App. P. 86 (1986, repealed 1997) found in Tex.R.App. P. 18, eff. Sept. 1, 1997.

mischaracterizes the issue before us because as discussed earlier, the "right" protected in *Jarrett* is the "right" to petition this Court for review, *NOT* a "right" of discretionary review itself. In *Jarrett*, we properly relied on the language of art. 26.04(a), which provides:

> Whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is indigent or that the interests of justice require representation of a defendant in a criminal proceeding, the court shall appoint one or more practicing attorneys to defend him. An attorney appointed under this subsection *shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel.*

Even though this Court has construed limitations to counsel's duty as prescribed by art. 26.04, particularly that counsel has no duty to file a petition for discretionary review, there is nothing within the plain meaning of art. 26.04(a) to indicate the Legislature intended to discharge appellate counsel of all duties to his client with regard to appellant filing a petition for discretionary review *pro se*. In fact, art. 26.04(a) by its own language charges appointed appellate counsel with an expansive duty to his indigent client that is not limited to his client's first appeal of right. Of particular significance to both *Jarrett* and the present case is art. 26.04's mandate that an appointed attorney represent his client *"until ... appeals [plural] are exhausted. ..."* [5]

## III.

The majority's decision to overrule *Jarrett* is disturbing because not only is *Jarrett* well-grounded in Texas law, but it is helpful and beneficial to all parties. When granted, discretionary review by this Court is the ultimate appeal which oftentimes serves as the only and final lynchpin of justice in a criminal case. *See,* Tex. Const. art. V, § 5.[6] To believe otherwise would obviate the discretionary review function of this Court and render meaningless not only petitions for discretionary review, but the very work we do as Judges for this Court. In order to preserve the significance of discretionary review, appellants must be afforded meaningful access

---

5. On the issue of what stage "appeals" are effectively exhausted, Judge Teague's concurrence and dissent in *Ayala v. State*, 633 S.W.2d at 532 is particularly insightful:

> ... the State of Texas, through its Legislature, has indicated a State policy to provide legal assistance throughout the course of *a criminal "appeal,"* which I believe includes the filing of *a petition for discretionary review.*

In *White v. State*, 543 S.W.2d 366, 368 (Tex.Cr. App.1976), Roberts, J., who wrote the plurality opinion for the Court, stated in part:

> Our research reveals that the word "appeal" has not been construed in Texas by an appellate court having criminal jurisdiction since 1840. In that year, in *Republic v. Smith*, Dallam 407, the Supreme Court of the Republic of Texas defined an appeal (quoting Blackstone) as "a complaint to a superior court of injustice done by an inferior one." Mr. Black gives a similar definition. Black's Law Dictionary, *supra*, at 124 (citations and footnote omitted).
>
> Following these definitional guidelines, it seems clear that a petition for certiorari, like a writ of error in Texas practice, *is an "appeal," albeit a discretionary one* (citations omitted). To say that review by certiorari does not constitute an appeal is to make a distinction without substance, since such a review necessarily

involves an attempt to persuade a superior court to correct the error of a lower court.

> Likewise, to hold discretionary review by this Court does not constitute an "appeal," is to make a distinction without substance. Although this Court held in *Ayala*, 633 S.W.2d at 527, "... the Fourteenth Amendment does not require a state to provide indigents with the services of counsel in seeking discretionary review beyond the first step of appeal," it is unrealistic to argue that discretionary review, when granted, is not an "appeal." In his dissent in *Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), Justice Marshall correctly points out the importance of the last level of appeal:

> > Particularly where a criminal conviction is challenged on constitutional grounds, *permissive review in the highest state court may be the most meaningful review a conviction will receive.* Moreover, where a defendant seeks discretionary review, the assistance of an attorney is vital.

6. Art. V, § 5, in relevant part, provides:

> The Court of Criminal Appeals shall have *final appellate jurisdiction* coextensive with the limits of the state, and its determinations shall be final, in all criminal cases of whatsoever grade, with such exceptions and under such regulations as may be provided in this Constitution or as prescribed by law. (Emphasis supplied.)

to this important procedure. This meaningful access requires not only that appellant know of his right to petition this Court for review, but understand the significance of discretionary review and be aware of all possible grounds for review and their potential merit.

Under *Jarrett*, the appellant has meaningful access to his right to seek discretionary review by this Court; appointed appellate counsel discharges his legal, professional and ethical duties to zealously represent his client until his client's appeals are exhausted; the number of frivolous and faulty petitions for discretionary review to this Court are reduced; the State does not waste time answering frivolous petitions; and, the limited resources of this Court are spent focused on meritorious petitions.

*Pro se* appellants should not be expected to possess the legal knowledge necessary to prepare thoughtful and meritorious petitions for discretionary review when our case law is replete with examples of petitions which were refused because appellate *attorneys* failed to comply with the rules of appellate procedure. *See, Degrate v. State,* 712 S.W.2d 755 (Tex.Cr.App.1986) (any petition which fails to set forth adequate reasons for this Court to exercise its discretion to review a court of appeals' opinion is subject to summary refusal); *Pumphrey v. State,* 689 S.W.2d 466 (Tex.Cr.App.1985) (petition not prepared in conformity with the rules will by summarily refused); *Delgado v. State,* 687 S.W.2d 769 (Tex.Cr.App.1985) (failure of counsel to comply with rules will cause this Court to summarily refuse petition for discretionary review that has been filed on behalf of appellant).

The problems facing *pro se* appellants seeking discretionary review are the same as those faced by unrepresented appellants on direct appeal. The Supreme Court in *Evitts v. Lucey,* 469 U.S. 387, 395–96, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985), explained the unrepresented appellant on direct appeal faces a disadvantage in perfecting his appeal of right because it is "... an adversary proceeding that—like a trial—is governed by *intricate rules that to a layperson would be hopelessly forbidding.*" *Id.,*

469 U.S. at 396, 105 S.Ct. at 836. Likewise, in his dissent in *Peterson v. Jones,* 894 S.W.2d 370, 378 (Tex.Cr.App.1995), Judge Maloney expressed concern that an indigent appellant is not automatically entitled to assistance of court-appointed counsel to file a petition for discretionary review, and the court therefore has no ministerial statutory duty to authorize payment for the services appellate counsel performed in filing petitions for discretionary review:

> This Court granted approximately eleven percent of the petitions for discretionary review disposed in 1994. *The chances that a petition will be granted are reduced when an indigent defendant, unfamiliar with the procedural requirements and substantive law, files a petition without the assistance of counsel.* Texas Rule of Appellate Procedure 200 lists the "character of reasons" for which this Court may grant review. Each requires a firm grasp of the legal and factual aspects of the case for which review is sought, a knowledge of relevant procedural and substantive law, and access to current Court of Criminal Appeals and courts of appeals decisions. In the unlikely event that this Court grants review of a pro se petition, only then would the trial court appoint an attorney to represent the indigent. (Internal citation omitted.)

Further, Judge Meyers, in his opinion on rehearing in *Jarrett,* explained:

> it is, after all, a *critical part of an attorney's job to help his client make decisions of substantial legal significance. And, at the moment a client learns his criminal conviction has been affirmed, there can be no decision of greater legal significance or of more pressing importance than whether to seek further review. It is not enough just to know that such review may be available.* Before making a decision whether to follow this course one must also know the mechanics of discretionary review, appreciate the legal issues involved, and possess an ability to assess the likelihood of success. These skills are the professional tools of lawyers, and it is entirely appropriate that a person who is actually represented by legal counsel look to his

attorney for professional advice on this subject.

*Id.,* 891 S.W.2d at 944 (Op. on Reh'g). As such, *Jarrett*'s requirement that appellate counsel render advice to his client regarding the possible merit or lack of merit of filing a petition for discretionary review serves to preserve the integrity of appellant's right to file a petition.

Perversely, the majority admits while "the right to counsel on an appeal of right, under 26.04, ends with the conclusion of the direct appeal ... *it may be wiser to give more complete information to a defendant,* [although] it is not constitutionally or statutorily required." *Ante* at 27. This statement is evidence the majority recognizes the disadvantage an uninformed *pro se* petitioner faces. Yet, they are willing to disregard his plight.

The majority suggests there was no authority for this Court to require appellate counsel advise the appellant regarding the possible merit or lack of merit of filing a petition for discretionary review. This is simply not true. It is well established that federal law provides only the *minimum* standards and States are free to require more from appointed counsel.

In *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), which held counsel has no duty to file a petition for discretionary review, Chief Justice Rehnquist explained: "We do not mean by this opinion to in any way discourage those States which have, as a matter of legislative choice, made counsel available to convicted defendants at all stages of judicial review." In fact, absent any law to the contrary, this Court has specific authority to promulgate its own rules regarding its discretionary powers of review. Tex.Code Crim. Proc. Ann. art. 44.33(a), in pertinent part, provides: "The Court of Criminal Appeals shall make rules of posttri-

al and appellate procedure as to the hearing of criminal actions not inconsistent with the Code." Additionally, Tex.Code Crim. Proc. Ann. art. 44.45(c), concerning review by the Court of Criminal Appeals provides: "The Court of Criminal Appeals may promulgate rules pursuant to this article."[7] Thus, not only are states free to require more from appointed appellate counsel than federal laws require, the authority to do so is vested in this Court.

### IV.

There is nothing wrong with our decision in *Jarrett.* To the contrary, as the majority concedes, *Jarrett* mandated the "wiser [practice] to give more complete information to a defendant." *Ante* at 27. Nevertheless, rather than follow the established precedent of this Court which they, themselves regard as sound, the majority chooses to overrule *Jarrett* in order to deny *pro se* appellant's meaningful access to this Court, a result which is beneficial to the State.

Judges are charged with a duty to follow and uphold laws which they recognize as sound and "wise," and attorneys have legal, professional and ethical duties, exclusive of constitutional requirements, to see that their clients are sufficiently informed about the status of their cases so as to make decisions of substantial legal significance. For an appellant there can be no decision more critical than whether to seek review of their case by the State's highest court. Because the majority fails in its duty to uphold law and encourages indifferent representation of indigent criminal defendants in Texas, I dissent.

OVERSTREET, J., joins this opinion.

---

7. In *Davis v. State,* 721 S.W.2d 857, 858 (Tex.Cr. App.1986), this Court explained:
 Articles 44.33(a) and 44.45(c) authorize this Court to make rules of posttrial and appellate procedure for hearing criminal actions not inconsistent with remaining provisions of the Code of Criminal Procedure, *including promulgating rules to implement its discretionary review jurisdiction, power and authority.* In 1981

this Court did indeed adopt and promulgate Rules of Post Trial and Appellate Procedure in Criminal Cases. (Internal citation omitted.) *See also, Herrin v. State,* 668 S.W.2d 896, 897 (Tex.App.—Dallas 1984) (holding Court of Criminal Appeals has rule-making authority to enlarge the time for filing a petition for discretionary review).