

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. 73,265

### EX PARTE WESLEY JOSEPH HOGAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS FROM COLLIN COUNTY

*The opinion was delivered per curiam.*

## O P I N I O N

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted of theft. Punishment was assessed at twenty years imprisonment. This conviction was affirmed, Hogan v. State, No. 05-94-01055-CR (Tex. App.— Dallas, delivered August 31, 1995, no pet.).

Applicant contends, *inter alia*, that he was denied an opportunity to file a *pro se* petition for discretionary review because his appellate attorney did not timely advise him as to his right to pursue discretionary. The trial court has entered findings of fact that Applicant was

not timely advised of his right to pursue a *pro se* petition for discretionary review.

In Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997), we held that for counsel to render effective assistance on appeal, he, or she, must notify the client the case has been affirmed and that the client can pursue discretionary review on his own.

Applicant is entitled to relief. The proper remedy in a case like this is to return Applicant to the point at which he can file a petition for discretionary review. He may then follow the proper procedures in order that a meaningful petition for discretionary review may be filed. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of Appeals' decision had been rendered on the day the mandate of this Court in this cause issues. We hold that should Applicant desire to seek discretionary review, he must take affirmative steps to see that his petition is filed in the Court of Appeals within thirty days after the mandate of this Court has issued.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Pardons and Paroles Divisions.

PER CURIAM

DELIVERED: December 16, 1998
DO NOT PUBLISH

Holland, J., not participating.

A True Copy
Attest:
Troy C. Bennett, Jr., Clerk
Court of Criminal Appeals of Texas

By: Dianna Sobotik
    Deputy