IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,763






EX PARTE CALVIN WAYNE COPELAND, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM VICTORIA COUNTY






 Per Curiam.



O P I N I O N



 This is a post-conviction application for a writ of habeas corpus filed pursuant to Article
11.07, V.A.C.C.P. Applicant was convicted of burglary of a habitation and his punishment was
assessed at thirty-five years imprisonment. This conviction was affirmed, Copeland v. State,
No. 13-00-710-CR (Tex. App. -- Corpus Christi, delivered August 2, 2001, no pet.). 

 Applicant contends, inter alia, that he was denied an opportunity to file a petition for
discretionary review because his attorney did not timely notify him that the conviction had
been affirmed. The State concedes that Applicant's attorney did not timely notify Applicant
of the decision from the appellate court and of his right to file a petition for discretionary
review. Therefore, Applicant is entitled to relief. Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim.
App. 1997).

 The proper remedy in a case such as this is to return Applicant to the point at which he
can file a petition for discretionary review. He may then follow the proper procedures in order
that a meaningful petition for discretionary review may be filed. For purposes of the Texas
Rules of Appellate Procedure, all time limits shall be calculated as if the Court of Appeals'
decision had been rendered on the day the mandate of this Court issues. We hold that should
Applicant desire to seek discretionary review, he must take affirmative steps to see that his
petition is filed in the Court of Appeals within thirty days after the mandate of this Court has
issued.

 All other allegations are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex. Crim.
App. 1997).


DELIVERED: October 1, 2003

DO NOT PUBLISH