IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. 74,838






EX PARTE MARC ANTHONY CASTANEDA, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HARRIS COUNTY







 Hervey, J., delivered the opinion of the Court in which Price, Womack Johnson,
Keasler, and Holcomb, JJ., joined. Keller, PJ., filed a dissenting opinion in which
Meyers and Cochran, JJ., joined.



O P I N I O N 



 This is a post-conviction application for a writ of habeas corpus forwarded to this Court pursuant
to Article 11.07, V.A.C.C.P. On January 21, 1999, applicant pled guilty to the felony offense of sexual
assault of a child. The trial court deferred an adjudication of guilt and placed applicant on community
supervision for a period of eight years. On November 13, 2001, the trial court adjudicated applicant's guilt
and sentenced him to four years imprisonment. Applicant appealed and his appeal was dismissed for lack
of jurisdiction. See Castenada v. State, No. 01-01-01229-CR (Tex.App.-Houston [1st Dist], delivered
March 13, 2003) (nonpublished).

 Applicant contends, inter alia, that he was denied an opportunity to file a pro se petition for
discretionary review because his appellate attorney did not timely notify him that he could pursue
discretionary review. Specifically, applicant alleges that his appellate attorney did not give applicant time
"to enter a PDR to the court because he informed [applicant] after the time had expired."

 Applicant's appellate attorney responded with an affidavit stating:

 After receiving the opinion from the First Court of Appeals, Counsel conducted further
exhaustive research, which did take a reasonable amount of time, but could find no valid,
legal basis for filing a Petition For Discretionary Review (PDR) with the Court of Criminal
Appeals. Exhibit "A" was mailed the same date that it was prepared and fully explains to
Applicant the time for filing a PDR, but that there were no grounds therefor, no matter who
filed it or when, and that Applicant's proper course of action was a post-conviction writ
of habeas corpus, which he now pursues.


 Exhibit "A" is part of the habeas record. It is a letter that applicant's appellate attorney mailed to
applicant after the Court of Appeals had dismissed applicant's appeal for lack of jurisdiction. This letter
informed applicant that his appeal had been dismissed and it very carefully explained to applicant the
"possible advantages and disadvantages of pursuing discretionary review." See generally Ex parte
Wilson, 956 S.W.2d 25, 26-27 (Tex.Cr.App. 1997). The habeas court recommended that relief be
denied.

 But, the letter (Exhibit "A") is dated April 9, 2003, and it informs applicant that the time for filing
a petition for discretionary review to the Texas Court of Criminal Appeals "will pass April 12, 2003." 
Nothing in the record controverts applicant's assertion to the effect that he did not receive this letter in time
to timely file a petition for discretionary review. The record, therefore, does not support any express or
implied finding to the contrary. Under these circumstances, we decide that applicant's right to file a petition
for discretionary review was not sufficiently protected even though in other respects Exhibit "A" contains
more information than what the law requires by explaining to applicant the "possible advantages and
disadvantages of pursuing discretionary review." See Wilson, 956 S.W.2d at 26-27.

 Habeas corpus relief is granted, in part, and applicant is granted leave to file an out-of-time petition
for discretionary review. Applicant is ordered returned to the point at which he can file a petition for
discretionary review. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be
calculated as if the Court of Appeals' decision had been rendered on the day the mandate of this Court
issues. We hold that should applicant desire to seek discretionary review, he must take affirmative steps
to see that his petition is filed in the Court of Appeals within thirty days of the date the mandate of this Court
has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex.Cr.App.
1997). 

 Hervey, J.


Delivered: March 10, 2004

Do Not Publish