IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 75,002






EX PARTE DON ABE HUDSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAMERON COUNTY






 Per Curiam.



O P I N I O N




 This is a post-conviction application for a writ of habeas corpus filed pursuant to Article
11.07, V.A.C.C.P. Applicant was convicted of intoxication manslaugther. Punishment was assessed
at twenty years imprisonment. This conviction was affirmed, Hudson v. State, No. 13-95-424-CR
(Tex. App.Corpus Christi, delivered October 10, 1996, no pet.). 

 Applicant contends that he was denied an opportunity to file a pro se petition for discretionary
review because his appellate attorney did not timely advise him that his appeal had been affirmed, and
that he had a right to pursue discretionary review on his own. The record reflects that Applicant was
not informed, in a timely manner, of the affirmance of his appeal, and of his right to pursue a pro se
petition for discretionary review.

 In Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997), we held that for counsel to
render effective assistance on appeal, he, or she, must notify the client the case has been affirmed and
that the client can pursue discretionary review on his own.

 Applicant is entitled to relief. The proper remedy in a case like this is to return Applicant to the
point at which he can file a petition for discretionary review. He may then follow the proper procedures
in order that a meaningful petition for discretionary review may be filed. For purposes of the Texas
Rules of Appellate Procedure, all time limits shall be calculated as if the Court of Appeals' decision had
been rendered on the day the mandate of this Court in this cause issues. We hold that should Applicant
desire to seek discretionary review, he must take affirmative steps to see that his petition is filed in the
Court of Appeals within thirty days after the mandate of this Court has issued.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional
and Pardons and Paroles Divisions.

DELIVERED: September 15, 2004

DO NOT PUBLISH