IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 75,018






EX PARTE GUY BERNARD MUNSCH, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM TARRANT COUNTY






 Per Curiam.



O P I N I O N



 This is a post-conviction application for a writ of habeas corpus filed pursuant to Article
11.07, V.A.C.C.P. Applicant was convicted of aggravated sexual assault of a child and his
punishment was assessed at forty years confinement. This conviction was affirmed, Munsch
v. State, No. 2-99-202-CR (Tex. App. -- Fort Worth, delivered May 24, 2001, no pet.). 

 Applicant contends that he was denied an opportunity to file a petition for discretionary
review because his attorney did not timely notify him that his conviction had been affirmed. 
The State concedes, and the trial court finds that Applicant's attorney did not timely notify
Applicant of the time in which to file a petition for discretionary review. Therefore, Applicant
is entitled to relief. Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997).

 The proper remedy in a case such as this is to return Applicant to the point at which he
can file a petition for discretionary review. He may then follow the proper procedures in order
that a meaningful petition for discretionary review may be filed. For purposes of the Texas
Rules of Appellate Procedure, all time limits shall be calculated as if the Court of Appeals'
decision had been rendered on the day the mandate of this Court issues. We hold that should
Applicant desire to seek discretionary review, he must take affirmative steps to see that his
petition is filed in the Court of Appeals within thirty days after the mandate of this Court has
issued.

 

DELIVERED: September 22, 2004

DO NOT PUBLISH