IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 75,020






EX PARTE RETHA JEANETTE BACEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM HUNT COUNTY



 

 Per Curiam.


 OPINION



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Article 11.07, Tex. Code Crim. Proc. Applicant was convicted
of the offense of capital murder, and punishment was assessed at life confinement. Applicant's
conviction was affirmed on appeal. Bacey v. State, 990 S.W.2d 319 (Tex. App. --Texarkana,
1999, no pet.).

 Applicant contends, inter alia, that appellate counsel failed to inform her that her direct
appeal had been affirmed and that she could pursue a petition for discretionary review on her
own.

 The trial court ordered trial counsel to file an affidavit regarding Applicant's claim. 
Counsel's affidavit reflects that he recalled sending Applicant a copy of the Court of Appeals
opinion in her case, but he has no proof or recollection that he informed her of her right to file
a petition for discretionary review pro se. Therefore, Applicant is entitled to relief. Ex parte
Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997).

 The proper remedy in a case such as this is to return Applicant to the point at which she
can file a petition for discretionary review. She may then follow the proper procedures in
order that a meaningful petition for discretionary review may be filed. For purposes of the
Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of
Appeals' decision had been rendered on the day the mandate of this Court issues. We hold that
should Applicant desire to seek discretionary review, she must take affirmative steps to see
that her petition is filed in the Court of Appeals within thirty days after the mandate of this
Court has issued.

 IT IS SO ORDERED THIS THE 29th DAY OF SEPTEMBER, 2004.





EN BANC

DO NOT PUBLISH