IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 75,025






EX PARTE NATH CROCKETT WOMACK, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM BRAZORIA COUNTY




 

 Per Curiam.

O P I N I O N


 This is a post-conviction application for a writ of habeas corpus forwarded to this Court
pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of murder and
sentenced to life imprisonment. Applicant filed a timely notice of appeal and counsel was
appointed to represent Applicant on appeal. Applicant's conviction was affirmed by the
Thirteenth Court of Appeals on May 28, 1998. Womack v. State, No. 13-97-00397 (Tex. App.
- Corpus Christi 1998). 

 Applicant contends that he was denied an opportunity to file a petition for discretionary
review because his appellate attorney did not timely notify him that he could seek discretionary
review of the appellate court's decision, pro se. Counsel is required to specifically and timely
notify an applicant that he can file pro se petitions for discretionary review in the Court of
Criminal Appeals. Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App.1997).

 The trial court found that Applicant's request for an out-of-time Petition for
Discretionary Review was barred by the doctrine of laches. The trial court concluded that the
State would be prejudiced in its ability to respond to Applicant's petition, noting Applicant's
six-year delay in seeking relief and the loss of records and recollection of events by
Applicant's counsel, the only relevant witness. Counsel supplied an affidavit in response to the
trial court's Order Designating Issues stating, inter alia, that although it would have been her
usual practice to advise a client of his right to file a pro se Petition for Discretionary Review
and the applicable rules and deadlines, she was unable to locate her case file, she had no
independent recollection of the case, and she was no longer in private practice. The trial court
recommended denying relief. We disagree. 

 To establish laches, the State must establish the following: (1) make a particularized
showing of prejudice, (2) show that the prejudice was caused by the petitioner having filed a
late petition, and (3) show that the petitioner has not acted with reasonable diligence as a
matter of law. Ex parte Carrio, 992 S.W.2d 486 (Tex. Crim. App. 1999). In this case, the
State failed to either plead laches or make a particularized showing of prejudice, as it is
required to under Carrio. 

 Habeas corpus relief is granted, in part, and Applicant is granted leave to file an out-of-time petition for discretionary review from his conviction in cause number 31,865-A in the
23rd Judicial District Court of Brazoria County, Texas. Applicant is ordered returned to the
point at which he can file a meaningful petition for discretionary review. For purposes of the
Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of
Appeals' decision had been rendered on the day the mandate of this Court issues. We hold that
should Applicant desire to seek discretionary review, he must take affirmative steps to see that
his petition is filed in the Court of Appeals within thirty days of the date the mandate of this
Court has issued.


DELIVERED: October 13, 2004

DO NOT PUBLISH