IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. 75,034; 75,035; 75,036






EX PARTE NAVORRIS DIONNE SMALL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM TARRANT COUNTY






 Per Curiam.



O P I N I O N




 This is a post-conviction application for a writ of habeas corpus filed pursuant to tex. code
crim. proc. art. 11.07. Applicant was convicted of two separate aggravated robberies, and possession
of a controlled substance. Punishment was assessed at fifty years imprisonment for the aggravated
robberies, and seven years for the possession of a controlled substance. These convictions were affirmed,
Small v. State, Nos. 02-02-501-CR, 02-02-502-CR, and 02-02-503-CR (Tex. App.Fort Worth,
delivered January 22, 2004, no pet.). 

 Applicant contends that he was denied an opportunity to file a pro se petition for discretionary
review because his appellate attorney did not timely advise him regarding the appellate court's decision, and
his right to pursue discretionary review on his own. The trial court has entered findings of fact and
conclusions of law, based upon the record and counsel's affidavit, that Applicant's allegations are true, and
it recommends that relief be granted.

 We agree. In Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997), this Court held that for
counsel to render effective assistance on appeal, he, or she, must notify the client the case has been affirmed
and that the client can pursue discretionary review on his own.

 Applicant is entitled to relief. The proper remedy in a case like this is to return Applicant to the
point at which he can file a petition for discretionary review. He may then follow the proper procedures in
order that a meaningful petition for discretionary review may be filed. For purposes of the Texas Rules of
Appellate Procedure, all time limits shall be calculated as if the Court of Appeals' decision had been
rendered on the day the mandate of this Court in this cause issues. We hold that should Applicant desire
to seek discretionary review, he must take affirmative steps to see that his petition is filed in the Court of
Appeals within thirty days after the mandate of this Court has issued.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and
Pardons and Paroles Divisions.

DELIVERED: October 27, 2004.

DO NOT PUBLISH