IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,045






EX PARTE ESTEEN WILLIAM REID, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HARRIS COUNTY






 Per Curiam.



O P I N I O N




 This is a post-conviction application for a writ of habeas corpus filed pursuant
to tex. code crim. proc. art. 11.07. Applicant was convicted of attempted capital murder. 
Punishment was assessed at life imprisonment. This conviction was affirmed, Reid v. State,
No. 14-02-00535-CR (Tex. App.Houston [14th Dist.], delivered February 13, 2003, no
pet.). 

 Applicant contends, inter alia, that he was denied an opportunity to file a pro se
petition for discretionary review because his appellate attorney did not timely advise him of
the appellate court's decision, and his right to pursue discretionary review on his own. The
record reflects that Applicant was not informed, in a timely manner, of the appellate court's
decision, and of his right to pursue a pro se petition for discretionary review.

 In Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997), we held that for counsel
to render effective assistance on appeal, he, or she, must notify the client the case has been
affirmed and that the client can pursue discretionary review on his own.

 Applicant is entitled to relief. The proper remedy in a case like this is to return
Applicant to the point at which he can file a petition for discretionary review. He may then
follow the proper procedures in order that a meaningful petition for discretionary review
may be filed. For purposes of the Texas Rules of Appellate Procedure, all time limits shall
be calculated as if the Court of Appeals' decision had been rendered on the day the mandate
of this Court in this cause issues. We hold that should Applicant desire to seek discretionary
review, he must take affirmative steps to see that his petition is filed in the Court of Appeals
within thirty days after the mandate of this Court has issued.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
Institutional and Pardons and Paroles Divisions.

 All other claims are dismissed. Ex parte Torres, 943 S.W.2d 469 (Tex. Crim. App.
1997).


DELIVERED: November 17, 2004

DO NOT PUBLISH