IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,041






EX PARTE DWIGHT GRIFFIN, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM SMITH COUNTY






 Per Curiam.



O P I N I O N



 This is a post-conviction application for a writ of habeas corpus filed pursuant to
Article 11.07, V.A.C.C.P. Applicant was convicted of retaliation and his punishment was
assessed at fifteen years imprisonment. This conviction was affirmed, Griffin v. State, No.
12-02-00201-CR (Tex. App. -- Tyler, delivered August 6, 2003, no pet.). 

 Applicant contends that he was denied an opportunity to file a petition for
discretionary review because his attorney did not timely notify him that the conviction had
been affirmed. The State concedes, and the trial court finds, that Applicant's attorney did not
timely notify Applicant of the decision from the appellate court and of his right to file a
petition for discretionary review. Therefore, Applicant is entitled to relief. Ex parte Wilson,
956 S.W.2d 25 (Tex. Crim. App. 1997).

 The proper remedy in a case such as this is to return Applicant to the point at which
he can file a petition for discretionary review. He may then follow the proper procedures in
order that a meaningful petition for discretionary review may be filed. For purposes of the
Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of
Appeals' decision had been rendered on the day the mandate of this Court issues. We hold
that should Applicant desire to seek discretionary review, he must take affirmative steps to
see that his petition is filed in the Court of Appeals within thirty days after the mandate of
this Court has issued.


DELIVERED: November 17, 2004

DO NOT PUBLISH