IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,063






EX PARTE ROBERT ESCOBEDO, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM BEXAR COUNTY






 Per Curiam.



O P I N I O N



 This is a post-conviction application for a writ of habeas corpus filed pursuant to
Article 11.07, V.A.C.C.P. Applicant was convicted of aggravated sexual assault and his
punishment was assessed at twenty years imprisonment. This conviction was affirmed,
Escobedo v. State, No. 04-98-00355-CR (Tex. App. -- San Antonio, delivered May 19,
1999). 

 Applicant contends that he was denied an opportunity to file a petition for
discretionary review because his attorney did not timely notify him that the conviction had
been affirmed. The trial court finds that Applicant's attorney on appeal has no record in his
file of having sent notice to Applicant of his opportunity to prepare and file a petition for
discretionary review. The trial court recommends that we grant relief. Therefore, Applicant
is entitled to relief. Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997).

 The proper remedy in a case such as this is to return Applicant to the point at which
he can file a petition for discretionary review. He may then follow the proper procedures in
order that a meaningful petition for discretionary review may be filed. For purposes of the
Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of
Appeals' decision had been rendered on the day the mandate of this Court issues. We hold
that should Applicant desire to seek discretionary review, he must take affirmative steps to
see that his petition is filed in the Court of Appeals within thirty days after the mandate of
this Court has issued.


DELIVERED: JANUARY 12, 2005

DO NOT PUBLISH