IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,080






EX PARTE RANDALL LONDALL BANKS, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM TARRANT COUNTY






 Per Curiam.



O P I N I O N



 This is a post-conviction application for a writ of habeas corpus filed pursuant to
Article 11.07, V.A.C.C.P. Applicant was convicted of aggravated sexual assault of a child
and his punishment was assessed at twenty-five years imprisonment. This conviction was
affirmed, Banks v. State, No. 2-02-028-CR (Tex. App. -- Fort Worth, delivered February 20,
2003). 

 Applicant contends, inter alia, that he was denied an opportunity to file a petition for
discretionary review because his attorney did not notify him that the conviction had been
affirmed. The trial court finds that Applicant's attorney on appeal has no record in his file
of having sent notice to Applicant of his opportunity to prepare and file a petition for
discretionary review. The State concedes, and the trial court recommends that we grant
relief. Therefore, Applicant is entitled to relief. Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim.
App. 1997).

 The proper remedy in a case such as this is to return Applicant to the point at which
he can file a petition for discretionary review. He may then follow the proper procedures in
order that a meaningful petition for discretionary review may be filed. For purposes of the
Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of
Appeals' decision had been rendered on the day the mandate of this Court issues. We hold
that should Applicant desire to seek discretionary review, he must take affirmative steps to
see that his petition is filed in the Court of Appeals within thirty days after the mandate of
this Court has issued.

 All other allegations are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex. Crim.
App. 1997).


DELIVERED: January 26, 2005

DO NOT PUBLISH