IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






AP-75,106






EX PARTE RANDY JAMES RODRIGUEZ, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 2000-435,018-A 


IN THE 140
TH DISTRICT COURT


LUBBOCK COUNTY






 Per Curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus filed pursuant to Tex.
Code Crim. Proc. art. 11.07. Applicant was convicted of the offense of aggravated sexual
assault and punishment was assessed at ninety-nine years confinement. Applicant's
conviction was affirmed on direct appeal. Rodriguez v. State, No. 07-02-0041-CR slip op.
(Tex. App.-Amarillo Feb. 21, 2003)(not designated for publication).

 Applicant contends that he was denied an opportunity to file a pro se petition for
discretionary review because his appellate attorney did not timely advise him as to his right
to pursue discretionary review. The record reflects that applicant was not informed in a
timely manner of his right to pursue a pro se petition for discretionary review.

 In Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997), we held that for counsel
to render effective assistance on appeal, counsel must notify the client that the case has been
affirmed and that the client can pursue discretionary review on his own.

 Applicant is entitled to relief. The proper remedy in a case like this is to return
applicant to the point at which he can file a petition for discretionary review. He may then
follow the proper procedures in order that a meaningful petition for discretionary review may
be filed. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be
calculated as if the Court of Appeals' decision had been rendered on the day the mandate of
thie Court in this cause issues. We hold that should applicant desire to seek discretionary
review, he must take affirmative steps to see that his petition is filed in the Court of Appeals
within thirty days after the mandate of this Court issues. All other claims are dismissed. Ex
parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
Institutional Division.


Delivered March 9, 2005

Do not publish