IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,115






EX PARTE SCOTT ALLEN CLEARY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NO. 02-25862-R IN THE 265th JUDICIAL DISTRICT COURT

DALLAS COUNTY






 Per Curiam.



O P I N I O N




 This is a post-conviction application for a writ of habeas corpus filed pursuant
to tex. code crim. proc. art. 11.07. Applicant was convicted of aggravated sexual assault of
a child. Punishment was assessed at confinement for forty years. This conviction was
affirmed, Cleary v. State, No. 11-03-0051-CR (Tex. App.Eastland, delivered November 6,
2003, no pet.). 

 Applicant contends that he was denied an opportunity to file a pro se petition for
discretionary review because his appellate attorney did not timely advise him of his right to
pursue discretionary review. The record reflects that Applicant was not informed, in a timely
manner, of his right to pursue a pro se petition for discretionary review.

 In Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997), we held that for counsel
to render effective assistance on appeal, he, or she, must notify the client the case has been
affirmed and that the client can pursue discretionary review on his own.

 Applicant is entitled to relief. The proper remedy in a case like this is to return
Applicant to the point at which he can file a petition for discretionary review. He may then
follow the proper procedures in order that a meaningful petition for discretionary review
may be filed. For purposes of the Texas Rules of Appellate Procedure, all time limits shall
be calculated as if the Court of Appeals' decision had been rendered on the day the mandate
of this Court in this cause issues. We hold that should Applicant desire to seek discretionary
review, he must take affirmative steps to see that his petition is filed in the Court of Appeals
within thirty days after the mandate of this Court has issued.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
Correctional Institutions, and Parole Divisions.

DELIVERED: March 16, 2005

DO NOT PUBLISH