IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,159





EX PARTE PHILIP TANKSLEY, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM THE 214
TH JUDICIAL DISTRICT COURT OF NUECES COUNTY




 

 

 Per Curiam.

O P I N I O N


 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of robbery
and sentenced to five years in prison. Applicant's conviction was affirmed by the Thirteenth
Court of Appeals on August 30, 2004. Tanksley v. State, No. 13-03-00353 (Tex. App. -
Corpus Christi 2004). Applicant's pro se petition for discretionary review was dismissed as
untimely filed on November 10, 2004. 

 Applicant contends, inter alia, that he was not timely advised by appellate counsel of
his right to file a pro se petition for discretionary review. Although there is no affidavit from
counsel in the record, the State indicates in its response that it contacted Applicant's
appellate counsel and that she stated she could not remember whether she had advised
Applicant of his right to file a pro se petition for discretionary review. In Ex parte Wilson,
956 S.W.2d 25 (Tex. Crim. App. 1997), this Court held that if "appellate counsel's action or
inaction denies a defendant his opportunity to prepare and file a petition for discretionary
review, that defendant has been denied his sixth amendment right to effective assistance of
counsel." Id. at 26. The trial court found that Applicant was denied the opportunity to file
a timely petition for discretionary review, and recommends that he be afforded the
opportunity to do so.

 Habeas corpus relief is granted, in part, and Applicant is granted leave to file an out-of-time petition for discretionary review from his conviction in cause number 02-CR-2203-F(2) in the 214th Judicial District Court of Nueces County, Texas. Applicant is ordered
returned to the point at which he can file a meaningful petition for discretionary review. For
purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if
the Court of Appeals' decision had been rendered on the day the mandate of this Court
issues. We hold that should Applicant desire to seek discretionary review, he must take
affirmative steps to see that his petition is filed in the Court of Appeals within thirty days of
the date the mandate of this Court has issued.

 Applicant's remaining allegations are dismissed. Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997). 

DELIVERED: April 27, 2005

DO NOT PUBLISH