IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-75,237 & AP-75,238





EX PARTE MICHAEL DEWAYNE RANDALL, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS


TRIAL COURT CAUSE NUMBERS 884014 and 884015


FROM THE 262nd JUDICIAL DISTRICT COURT OF HARRIS COUNTY




 

 

 Per curiam.

O P I N I O N


 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of aggravated
sexual assault of a child and sentenced to life in prison. The convictions were affirmed on
direct appeal. Randall v. State, Nos. 14-01-01049-CR & 14-01-01050-CR (Tex. App. -
Houston [14th] October 31, 2002). No petition for discretionary review (PDR) was filed. Applicant contends that he was not timely advised by appellate counsel of his right
to file a pro se petition for discretionary review. Counsel has provided an affidavit stating
that the appeals court issued judgment on October 31, 2002; that he did not learn of the ruling
until March 22, 2003, well past the time for filing a PDR; that during the time the opinion
was issued his office building was experiencing problems with the mail; that mail to his
building was routinely being routed to other downtown office buildings; that he was unaware
the court of appeals had issued an opinion in Applicant's case; and that he was unable to
notify Applicant of the decision or explain the meaning and ramifications of the opinion. 

 In Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997), this Court held that if
"appellate counsel's action or inaction denies a defendant his opportunity to prepare and file
a petition for discretionary review, that defendant has been denied his sixth amendment right
to effective assistance of counsel." Id. at 26. 

 Habeas corpus relief is granted and Applicant is granted leave to file an out-of-time
petition for discretionary review from his conviction in cause numbers 884014 and 884015
in the 262nd Judicial District Court of Harris County, Texas. Applicant is ordered returned
to the point at which he can file a meaningful petition for discretionary review. For purposes
of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court
of Appeals' decision had been rendered on the day the mandate of this Court issues. We hold
that should Applicant desire to seek discretionary review, he must take affirmative steps to
see that his petition is filed in the Court of Appeals within thirty days of the date the mandate
of this Court has issued.

 DELIVERED: September 14, 2005

DO NOT PUBLISH