IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-63,536-01






EX PARTE RICKY DALE FARROW, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

FROM CAUSE NO. W96-01232-Q(A) IN THE 204TH JUDICIAL DISTRICT
COURT OF DALLAS COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant pleaded guilty to the offense of aggravated sexual assault of a child, and
punishment was assessed at forty years' confinement. Applicant's conviction was affirmed
on appeal. Farrow v. State No. 05-96-00854(Tex. App. --Dallas, delivered July 3, 1997, no
pet.).

 Applicant contends inter alia that appellate counsel was ineffective for failing to
notify Applicant that his conviction had been affirmed on direct appeal, and for failing to
inform him of his right to file a pro se petition for discretionary review. See Ex parte Wilson,
956 S.W.2d 25 (Tex. Crim. App. 1997).

 The trial court has entered findings of fact or conclusions of law finding that counsel
rendered effective assistance on direct appeal by timely presenting the court with an appellate
brief that contained arguments and citations of authority for the proposition that Applicant's
conviction should be reversed. However, we do not believe that those factual findings are
sufficient to completely resolve the issues presented. Because Applicant has stated facts
requiring resolution and because this Court cannot hear evidence, it is necessary for the
matter to be remanded to the trial court for resolution of those issues. The trial court may
resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may
order affidavits, depositions, or interrogatories from appellate counsel, or it may order a
hearing. In the appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether appellate counsel timely
notified Applicant that his conviction had been affirmed on direct appeal, and as to whether
counsel advised Applicant of his right to file a pro se petition for discretionary review. The
trial court shall also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within ninety days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred and twenty days of the date of this
order. (2)


 IT IS SO ORDERED THIS THE 25th DAY OF JANUARY, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.