NO. 07-07-0279-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 30, 2008

_____

JUAN MANUEL MARTINEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 38th DISTRICT COURT OF MEDINA COUNTY;

NO. 06-07-9568-CR; HON. ANTONIO G. CANTU, PRESIDING

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant Juan Manuel Martinez perfected an appeal from his conviction for aggravated assault and the resulting sentence of confinement for a period of twenty years in the Institutional Division of the Texas Department of Criminal Justice. The clerk's record, reporter's record, appellant's brief and State's brief have been filed. This Court has not issued an opinion in this case but anticipates the issuance of an opinion shortly.

On July 22, 2008, appellant's attorney filed a motion to withdraw from representation of appellant contending good cause existed to support his motion. Thereafter, on July 25, appellant filed a response to the motion. On August 18, the trial court entered an order granting appellant's counsel's motion to withdraw. The court found, in part, good cause exists for counsel's withdrawal, that the withdrawal is not sought for delay only and that appellant was notified of the motion and his right to object to the motion. No objection to counsel's withdrawal appears in the record. Appellant is entitled to counsel through the conclusion of his direct appeal. *See* Tex. Code Crim. Proc. Ann. art. 26.04 (Vernon 2002); *Ex Parte Wilson,* 956 S.W.2d 25, 27 (Tex.Crim.App. 1997) (the right to counsel on an appeal of right, under article 26.04, ends with the conclusion of the direct appeal; counsel on appeal must inform a defendant of the result of the direct appeal and the availability of discretionary review).

Given the foregoing, we now abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall utilize whatever means necessary to determine the following:

1. Whether appellant truly desires to prosecute the appeal;

2. If so, whether appellant is indigent and entitled to appointed counsel; and

3. If so, appoint new counsel.

Should it be determined that appellant does want to continue the appeal and is indigent, and that new counsel should be appointed, the trial court shall appoint new

counsel to represent appellant in this appeal. If new counsel is appointed, the name, address, telephone number, and state bar number of newly appointed counsel shall be included in an order appointing counsel. If necessary, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing, if any, shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record, if any, with the Clerk of this Court by October 30, 2008.

It is so ordered.

Per Curiam

Do not publish.