IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,980-01






EX PARTE BILLY RAY HENDERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W03-34709-W IN THE 363
rd DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to imprisonment for life. The Court of Appeals affirmed his
conviction. Henderson v. State, No. 06-03-00221-CR (Tex. App.-Texarkana, delivered July 1,
2004, no pet.). 

 Applicant contends that his appellate counsel rendered ineffective assistance because before
he was permitted to withdraw as appellate counsel, he failed to inform applicant of his right to file
a pro se petition for discretionary review. See Ex Parte Wilson, 956 S.W.2d 25 (Tex. Crim. App.
1997). In addition, applicant contends that he was not able review the trial record in his case when
he prepared his pro se brief on direct appeal because he had been transferred to Dallas County
pursuant to a bench warrant. As a result, he contends that he was effectively denied his right to
appeal.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide appellate counsel with an additional opportunity to respond to applicant's claim of
ineffective assistance of counsel on appeal. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether applicant was denied his right to a
meaningful appeal because his appellate counsel failed to advise him of his right to file a pro se
petition for discretionary review. The trial court shall also make findings of fact as to whether
applicant was not able to review the trial record in his case because he had been transferred to Dallas
County pursuant to a bench warrant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: July 26, 2006

DO NOT PUBLISH