IN THE COURT OF CRIMINAL APPEALS


OF TEXAS








NOS. AP-75,640 & AP-75,641





EX PARTE RICHARD JAMES OLIVAREZ, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. F04-00148-JU & F03-50458-WU IN THE 291
ST DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of intoxication
manslaughter and intoxication assault. He was sentenced to imprisonment for forty-five and twenty-five years, respectively. The Fifth Court of Appeals affirmed his convictions. Olivarez v. State, Nos.
05-04-00862-CR & 05-04-00863-CR (Tex. App.-Dallas, delivered May 18, 2005, no pet.).

 Applicant contends, among other things, that his appellate counsel rendered ineffective
assistance because he failed to timely notify Applicant that his convictions had been affirmed and
failed to advise him of his right to petition for discretionary review pro se. 

 Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court
has entered findings of fact and conclusions of law that appellate counsel failed to timely notify
Applicant that his convictions had been affirmed and failed to advise him of his right to petition for
discretionary appeal pro se. The trial court recommends that relief be granted. Ex parte Wilson, 956
S.W.2d 25 (Tex. Crim. App. 1997). We find, therefore, that Applicant is entitled to the opportunity
to file out-of-time petitions for discretionary review of the judgments of the Fifth Court of Appeals
in Cause Nos. 05-04-00862-CR and 05-04-00863-CR that affirmed his convictions in Case Nos. 
F04-00148-JU and F03-50458-WU from the 291st Judicial District Court of Dallas County.
Applicant shall file his petitions for discretionary review with the Fifth Court of Appeals within 30
days of the date on which this Court's mandate issues. Applicant's other claims are dismissed. Ex
parte Torres, 943 S.W.2d 469 (Tex. Crim. App. 1997).


Delivered: March 21, 2007

Do not publish