IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-54,930-02






EX PARTE RICHARD BRIAN STRASSER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 15,652-A IN THE 35
TH JUDICIAL DISTRICT COURT


FROM BROWN COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one count of
aggravated assault on a peace officer and one count of attempted escape. A jury sentenced him to
twenty-five years' imprisonment on the first count, and fifteen years' imprisonment on the second
count. The Eleventh Court of Appeals affirmed his conviction. Strasser v. State, No. 11-01-00086-CR (Tex. App. - Eastland, June 27, 2002, no pet.). 

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel advised him that he would file a petition for discretionary review on his behalf, but
failed to do so, and also failed to advise him of his right to petition for discretionary review pro se.

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Wilson, 956
S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. Pursuant
to Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court shall provide appellate counsel with the
opportunity to respond to Applicant's claim of ineffective assistance of counsel on appeal. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate
case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's appellate counsel
affirmatively advised Applicant that he would file a petition for discretionary review on his behalf,
and if so, why counsel did not do so. The trial court shall also make findings as to whether appellate
counsel timely informed Applicant that he has a right to file a pro se petition for discretionary
review. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: May 9, 2007

Do not publish