IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,817-01






EX PARTE MANUEL HERNANDEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-30,188-A IN THE 358
TH JUDICIAL DISTRICT COURT


FROM ECTOR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a
child and sentenced to life imprisonment. The Eleventh Court of Appeals affirmed his conviction. 
Hernandez v. State, No. 11-04-00175-CR (Tex. App. - Eastland, April 6, 2006). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed
to advise him how to pursue a petition for discretionary review pro se. Although appellate counsel did
advise Applicant of his right to file a petition for discretionary review, it appears from the habeas record
that appellate counsel did not inform Applicant that his conviction had been affirmed until after the deadline
for filing a petition for discretionary review had passed. Although appellate counsel also advised Applicant
to immediately seek an extension of time if he wished to pursue discretionary review, it is not clear that
Applicant received this advice until the time for requesting an extension had also passed.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances,
additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1997), the trial court is the appropriate forum for findings of fact. The trial court shall provide appellate
counsel with the opportunity to respond to Applicant's claim of ineffective assistance of counsel on appeal. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's appellate counsel timely
informed Applicant that his conviction had been affirmed and that he has a right to file a pro se petition for
discretionary review. The trial court shall make specific findings as to whether Applicant was informed of
his right to request an extension from this Court within the time for filing such a request. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 


Filed: December 5, 2007

Do not publish