IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,090-01






EX PARTE FRANCISCO NORIEGA-GARCIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W366-80007-06(HC) IN THE 366TH DISTRICT COURT


FROM COLLIN COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of aggravated sexual
assault of a child and one count of indecency with a child and sentenced to life imprisonment. The Fifth
Court of Appeals affirmed his conviction. Noriega-Garcia v. State, No. 05-06-00262-CR (Tex. App.
- Dallas, March 7, 2007, no pet.). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed
to timely notify Applicant that his conviction had been affirmed.

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Wilson, 956 S.W.2d
25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court shall provide appellate counsel with the opportunity to respond to
Applicant's claim of ineffective assistance of counsel on appeal. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether Applicant's appellate counsel timely
informed Applicant that his conviction had been affirmed. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: January 23, 2008

Do not publish