

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-75,969

### EX PARTE JESUS ORDAZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 06-220-K26A IN THE 26TH JUDICIAL DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of money laundering and sentenced to forty years' imprisonment. The Third Court of Appeals affirmed his conviction. *Ordaz v. State*, No. 03-07-00039-CR (Tex. App. – Austin, October 10, 2007).

Applicant contends that he was denied the opportunity to petition this Court for discretionary review, because counsel prepared and filed a petition for discretionary review in the wrong court. Applicant's direct appeal was decided on October 10, 2007. He obtained one extension of time to

file his petition for discretionary review, which extended the deadline until December 10, 2007. Applicant's petition for discretionary review was filed directly in this Court on December 10, 2007, rather than in the court of appeals as required by Rule 68.3 of the Texas Rules of Appellate Procedure. Applicant's appellate counsel was sent a notification of the error on December 10, 2007. The petition for discretionary review was re-filed in the court of appeals on December 14, 2007, and was received and filed in this Court on January 22, 2008. On January 23, 2008, this Court dismissed the petition as untimely filed.

Appellate counsel's paralegal filed an affidavit in which she confirms that she transmitted the petition for discretionary review to this Court on December 7, 2007, and that the petition was returned to counsel's office on December 10, 2007. By that time, the deadline for filing the petition in the proper court had passed. Applicant's appellate counsel has not submitted an affidavit himself, possibly because he filed this writ of habeas corpus on Applicant's behalf.

The trial court has entered findings of fact and conclusions of law, recommending that relief be denied because a defendant does not have a constitutional right to file a petition for discretionary review.. However, this Court has held that where a defendant is denied the opportunity to petition this Court for discretionary review because of appellate counsel's ineffectiveness, the defendant is entitled to the opportunity to file an out-of-time petition for discretionary review. *See Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). This is such a case.

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Third Court of Appeals in Cause No. 03-07-00039-CR that affirmed his conviction in Cause No. 06-220-K26A from the 26th Judicial District Court of Williamson County. Applicant shall file his petition for discretionary review with the Third Court of Appeals within 30 days of the date on which this Court's mandate issues.

Delivered: August 20, 2008
Do not publish