IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,557-01






EX PARTE RAY RECIO CORTEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-04-0897-S IN THE 119TH JUDICIAL DISTRICT COURT


FROM TOM GREEN COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of gulity to
aggravated kidnapping, and was sentenced to eighty years' imprisonment. The Third Court of
Appeals affirmed his conviction. Cortez v. State, No. 03-05-00256-CR (Tex. App. - Austin, May
30, 2007). 

 Applicant contends, inter alia, that he was denied the opportunity to petition this Court for
discretionary review because his appellate counsel failed to timely notify Applicant that his
conviction had been affirmed, and that he had a right to petition this Court for discretionary review
pro se. Appellate counsel has provided an affidavit responding to Applicant's writ allegations, in
which he states that he timely notified Applicant of the outcome of his appeal and of his right to file
a pro se PDR in a letter sent via regular mail to Applicant's prison address. Because Applicant's
mother contacted appellate counsel some time thereafter to inquire about the status of the appeal, and
informed appellate counsel that Applicant had not received counsel's first letter, counsel sent a
second letter via certified mail. After receiving the second letter, Applicant filed a motion for an
extension of time in which to file his PDR, which this Court denied because it was filed after the
period in which this Court may grant an extension under Appellate Rule 68.2(c).

 The trial court had entered findings of fact and conclusions of law, finding inter alia that
appellate counsel did not render deficient performance. The trial court's findings are supported by
the record. Appellate counsel complied with the requirements described by this Court in Ex parte
Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). However, it is possible that Applicant was deprived
of his opportunity to petition this Court for discretionary review due to a breakdown in the system,
rather than through any fault of appellate counsel's. See Ex parte Riley, 193 S.W. 3d. 900 (Tex.
Crim. App. 2006).

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall obtain the mail logs from the prison unit where Applicant was confined between
June 9, 2007 and August 21, 2007, and shall supplement the habeas record with copies of such logs. 
 The trial court shall make then findings of fact as to whether Applicant received the letter
mailed by appellate counsel on June 9, 2007, informing Applicant that his conviction had been
affirmed. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


 

Filed: March 18, 2009

Do not publish