IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-43,490-03






EX PARTE ANSON VERNON MOORE, II, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-17910 IN THE 35TH DISTRICT COURT


FROM BROWN COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of felony driving
while intoxicated and sentenced to fifty (50) years' imprisonment. The Eleventh Court of Appeals
affirmed his conviction. Moore v. State, No. 11-05-00393-CR, (Tex. App.- Eastland, 2008, pet.
dism'd) (not designated for publication).

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed. He alleges that he therefore
was deprived of his right to file a pro se petition for discretionary review. 

 Applicant has alleged facts which, if true, could entitle him to relief. Ex parte Wilson, 956
S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall provide appellate counsel with the
opportunity to respond to Applicant's claim of ineffective assistance of counsel in that it shall order
counsel to file an affidavit addressing: (1) whether counsel notified Applicant that his appeal had
been affirmed; and, if so, (2) when counsel notified Applicant that his appeal had been affirmed. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the
fact issues. In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's appellate counsel
informed Applicant that his conviction had been affirmed and, if so, when counsel informed
Applicant that the conviction had been affirmed. The trial court shall make findings of fact as to
whether appellate counsel's failure to timely inform Applicant that his conviction had been
affirmed deprived Applicant of his right to file a pro se petition for discretionary review. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript
containing all affidavits and interrogatories or the transcription of the court reporter's notes from
any hearing or deposition, along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 



Filed: March 25, 2009

Do not publish