IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,934-02






EX PARTE JAVIER DE LA ROSA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 04-CR-09-A IN THE 381ST DISTRICT COURT


FROM STARR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to 40 years' imprisonment. The Fourth Court of Appeals affirmed his conviction. De La
Rosa v. State, No. 04-04-00921-CR (Tex. App. - San Antonio, 2006, no pet.) (not designated for
publication). 

 Applicant contends that counsel rendered ineffective assistance because counsel failed to
timely notify Applicant that his conviction had been affirmed and failed to advise him of his right
to petition for discretionary review pro se.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. 
 In the appropriate case, the trial court may rely on its personal recollection. Id. The trial court shall
order counsel to file an affidavit addressing: (1) whether counsel advised Applicant that his appeal
had been affirmed and that he had a right to petition for discretionary review, pro se and, if so, (2)
when counsel gave Applicant the aforementioned advise. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel timely informed Applicant
that his conviction had been affirmed and that he has a right to file a pro se petition for discretionary
review. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: June 17, 2009

Do not publish