

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,222

**EX PARTE GUADALUPE LERMA, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 40504 IN THE 268th DISTRICT COURT
## FROM FORT BEND COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child (count one), indecency with a child (count two), and indecency with a child (count three) and sentenced to, respectively, thirty-three years', twenty-five years', and thirty years' imprisonment. The First Court of Appeals affirmed his conviction. *Lerma v. State*, Nos. 01-06-00083-CR, 01-06-00113-CR, and 01-06-00114-CR (Tex. Crim. App.–Houston [1st Dist.], delivered March, 2007, no pet.).

Applicant contends, *inter alia*, that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of his right to petitions for discretionary review *pro se.*

Appellate counsel filed an affidavit with the trial court. Based on that affidavit and our independent review of the record, we find that appellate counsel failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of his right to file petitions for discretionary review *pro se. Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). We also find, therefore, that Applicant is entitled to the opportunity to file out-of-time petitions for discretionary review of the judgments of the First Court of Appeals in Cause Nos. 01-06-00083-CR, 01-06-00113-CR, and 01-06-00114-CR that affirmed his conviction in Case No. 40504 from the 268th Judicial District Court of Fort Bend County. Applicant shall file his petitions for discretionary review with the Court of Appeals within 30 days of the date on which this Court's mandate issues.

All other claims are dismissed. *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: September 16, 2009
Do not publish