IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,534






EX PARTE TERRY JOE SOLLEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1125854 IN THE 339TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery with a deadly weapon and sentenced to thirty-five years' imprisonment. The Fourteenth
Court of Appeals affirmed his conviction. Solley v. State, No. 14-07-00803-CR (Tex. App.-Houston
[14th Dist.] Feb. 19, 2009) (unpublished). 

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel failed to timely notify Applicant that his conviction had been affirmed and failed
to advise him of his right to petition for discretionary review pro se.

 Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court
has entered findings of fact and conclusions of law that appellate counsel failed to timely notify
Applicant that his conviction had been affirmed and failed to advise him of his right to petition for
discretionary review pro se. The trial court recommends that relief be granted. Ex parte Wilson, 956
S.W.2d 25 (Tex. Crim. App. 1997). We find, therefore, that Applicant is entitled to the opportunity
to file an out-of-time petition for discretionary review of the judgment of the Fourteenth Court of
Appeals in Cause No. 14-07-00803-CR that affirmed his conviction in Case No. 1125854 from the
339th Judicial District Court of Harris County. Applicant shall file his petition for discretionary
review with the Fourteenth Court of Appeals within 30 days of the date on which this Court's
mandate issues.

 Applicant's remaining claims are dismissed. Ex parte Torres, 943 S.W.2d 469 (Tex. Crim.
App. 1997). 


Delivered: April 13, 2011

Do not publish