IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,255-01






EX PARTE ANDRES GOMEZ LONGORIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 06-8-22,681-D IN THE 377TH DISTRICT COURT


FROM VICTORIA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
murder and was sentenced to ninety-nine years' imprisonment. The conviction and sentence
were affirmed on direct appeal. Longoria v. State, No. 13-07-00436-CR (Tex. App. - Corpus
Christi del. Dec. 18, 2008).


 Applicant alleges his trial counsel: was told about a witness but failed to call the
witness; was told a juror was an acquaintance of the victim but failed to challenge the juror
for cause; failed to challenge the testimony of a witness identifying him as the shooter where
there were no witnesses to the offense; failed to challenge a witness's credibility with the
witnesses's criminal history; failed to present evidence of the green jersey Applicant was
wearing at the time of the offense where the shooter was identified as wearing a red shirt; and
failed to challenge his confession as coerced. He expands on these claims in the other two
issues he raises in which he complains of his deteriorated relationship with counsel. He also
alleges his appellate counsel failed to file a Petition for Discretionary Review.

 There is no response from trial counsel regarding counsel's investigation and trial
strategy, there is no response from appellate counsel regarding whether Applicant was
properly informed of his right to file a pro se PDR or whether appellate counsel had agreed
to file the PDR, and there are no findings from the trial court.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. 

 The trial court shall obtain an affidavit from Applicant's trial counsel responding to
the claims and explaining trial strategy and tactical decisions. The trial court shall also obtain
an affidavit from Applicant's appellate counsel regarding the PDR. In addition to obtaining
these affidavits, the trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d) to resolve disputed issues of fact. In the appropriate case, the trial court may
rely on its personal recollection. Id. If the trial court elects to hold a hearing, it shall
determine whether applicant is indigent. If applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent applicant at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of
Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. See Strickland v. Washington, 466 U.S. at 668. The trial court shall
also make findings of fact as to whether Applicant was denied his right to pursue a pro se
PDR. See Ex parte Wilson, 956 S.W.2d 25, 26-27 (Tex. Crim. App. 1997). The trial court
may make any other findings of fact that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact, shall be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 




Filed: March 21, 2012

Do not publish