IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-78,203-03






EX PARTE IRVIN RAY DAVIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1193809-B IN THE 184TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to thirty-five years' imprisonment. The First Court of Appeals affirmed his conviction. 
Davis v. State, No. 01-10-00539-CR (Tex. App. - Houston [1st Dist.] June 29, 2010). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to advise him of his right to petition pro se for discretionary review. Appellate counsel did
send Applicant a letter advising him that his conviction and sentence had been affirmed, enclosing
a copy of the appellate opinion, and advising him that she did not believe there was any basis for
filing a petition for discretionary review. Appellate counsel recommended to Applicant that he
pursue relief by way of Article 11.07 habeas corpus.

 Based on appellate counsel's letter, the trial court finds that appellate counsel complied with
the requirements of Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997) by advising Applicant
that his appeal was affirmed and that he could file a petition for discretionary review. This finding
is not supported by the record. Although appellate counsel advised Applicant that she did not
believe that a petition for discretionary review would have merit, the letter does not show that
appellate counsel advised Applicant of his right, nevertheless, to file a pro se PDR. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel on
appeal. Specifically, appellate counsel shall state whether she advised Applicant of his right to file
a pro se PDR, regardless of whether or not counsel believed that such a PDR would have merit. If
she advised Applicant of his right to file a pro se PDR at some time before the court of appeals
affirmed his conviction, appellate counsel shall provide a copy of the document in which she
provided Applicant with this information. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant's
appellate counsel timely informed Applicant that he has a right to file a pro se petition for
discretionary review. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: March 20, 2013

Do not publish