

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-79,784-01, 02 and 03

### EX PARTE BRYANT KESSLER JONES, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 1207009R and 1208348R IN THE CRIMINAL DISTRICT COURT NO. TWO FROM TARRANT COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of engaging in organized criminal activity - murder, one count of murder, and engaging in organized criminal activity - aggravated assault. He was sentenced to eighty years', sixty years', and forty years' imprisonment, respectively. The Seventh Court of Appeals affirmed his convictions. *Jones v. State*, Nos. 07-10-00418-CR and 07-10-00419-CR (Tex. App.—Amarillo, delivered January 25, 2012, no pet.).

Applicant contends, *inter alia*, that his appellate counsel rendered ineffective assistance

because counsel failed to advise him of his right to file a *pro se* petition for discretionary review.

Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court has entered findings of fact and conclusions of law that appellate counsel failed to advise Applicant of his right to file a *pro se* petition for discretionary review. The trial court recommends that relief be granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997).

We find, therefore, that Applicant is entitled to the opportunity to file out-of-time petitions for discretionary review of the judgments of the Seventh Court of Appeals in Cause Nos. 07-10-00418-CR and 07-10-00419-CR that affirmed his convictions in Cause Nos. 07-10-00418-CR and 07-10-00419-CR from the Criminal District Court No. Two of Tarrant County. Applicant shall file his petitions for discretionary review with this Court within 30 days of the date on which this Court's mandate issues.

Applicant's remaining claims are dismissed without prejudice. *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: July 24, 2013
Do not publish