

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-80,171-01

### EX PARTE JAMES RANDALL COON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. WRIT07545 IN THE 196TH DISTRICT COURT
### FROM HUNT COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to life imprisonment. The Fifth Court of Appeals affirmed the conviction. *Coon v. State*, No. 05-00-01573-CR (Tex. App.—Dallas del. Feb. 28, 2002).

Applicant raises two claims. He complains that his appellate counsel failed to adequately raise and brief grounds on appeal. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). He also contends that his appellate counsel failed to advise him of his right to petition *pro se* for discretionary review (PDR). *See Ex parte Wilson*, 956 S.W.2d 25, 26 -27 (Tex. Crim. App. 1997).

On remand, appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court has entered findings of fact and conclusions of law indicating that Applicant was not timely advised of his *pro se* PDR rights. The trial court also finds, "[Appellate counsel's] conduct so undermined the proper functioning of the adversarial process that the appeal cannot be relied on as having produced a reliable result," and it recommends that Applicant be allowed to file a new appeal brief in the intermediate appellate court.

Under these circumstances, this Court holds that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Fifth Court of Appeals in Cause No. 05-00-01573-CR that affirmed his conviction in Cause No. 19,562 from the 196th District Court of Hunt County. Applicant shall file his PDR with this Court within 30 days of the date on which this Court's mandate issues. Applicant's remaining claims are dismissed without prejudice. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: March 12, 2014
Do not publish