IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,842-01




EX PARTE RICKY LEE SMALL, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1267577-A IN THE 262nd DISTRICT COURT
FROM HARRIS COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to thirteen years’ imprisonment. The First Court of Appeals 
affirmed his conviction. Small v. State, No. 01-10-00983-CR (Tex. App.—Houston [1st Dist.],
delivered July 7, 2011, no pet.).
            Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed. The trial court has
recommended this Court deny relief. 
            The habeas record includes a sworn affidavit from appellate counsel stating, in pertinent part:
I did advise Mr. Smalls that his appeal had been denied and his
conviction had been affirmed. I also enclosed a copy of the opinion. I
explained that he had the right to file a pro se, second appeal called a Petition
for Discretionary Review with the Fourteenth Court of Appeals.


 I indicated
that he only had thirty days from the date of the opinion to file his PDR. I
further explained that because of the time factor, he should write to the Court
of Criminal Appeals, where his PDR would ultimately be heard, and request
an extension of time to file the PDR.

            However, Applicant’s habeas counsel filed a supplemental response with the trial court that
states, in pertinent part:
 
On January 21, 2014, this office obtained a copy of [appellate
counsel’s] response (filed on December 11, 2013) wherein he purportedly
“explained that [Applicant] had the right to file a pro se, second appeal called
a Petition for Discretionary Review with the Fourteenth Court of Appeals.”
Applicant disputes [appellate counsel’s] assertion. As demonstrated by the
First Court of Appeals “Case Information” for Case No. 01-10-00983-CR,
see Exhibit A, attached hereto. [Appellate counsel] did not comply with the
notification requirements of Rule 48.4, Rules of Appellate Procedure. For the
relevant time period, Applicant was continuously confined at the Darrington
Unit (as represented by the unit designation “DA”). See Exhibit B attached
hereto. Moreover, Darrington Unit Mailroom logbook documents no
incoming correspondence from [appellate counsel] to Applicant during the
relevant time period. See Exhibit C attached hereto. 

            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order appellate counsel to respond to Applicant’s claim of ineffective assistance of counsel on
appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            It appears that Applicant is currently represented by counsel. However, if this is no longer
true and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law resolving the following
issues:
A. Did appellate counsel comply with the requirements of Rule 48.4 of the
Texas Rules of Appellate Procedure? If not, why not?
 
B. If appellate counsel did not inform the Applicant of his rights in a timely
manner per certified mail, did he inform him in another manner? And, if so,
did he notify him of the correct place to file his pro se PDR? 
 
C. Was appellate counsel’s statement in his sworn affidavit correct,
inaccurate, or perjurious?
 
D. Is the Applicant entitled to an out-of-time PDR? 
 
            The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: April 2, 2014
Do not publish