IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,086-01




EX PARTE PHILLIP EDWARD JOHNSON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W-59278-01-A IN THE 47TH DISTRICT COURT
FROM POTTER COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance and sentenced to eighty years’ imprisonment. The Seventh
Court of Appeals affirmed his conviction. Johnson v. State, No. 07-11-00186-CR (Tex.
App.—Amarillo 2013, no pet.).
            Applicant contends that appellate counsel failed to timely notify him that his conviction had
been affirmed. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. Appellate
counsel filed a sworn affidavit in response to Applicant’s claim, but the trial court may order
appellate counsel to supplement his response. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law and determine: (1) whether
Applicant told counsel to communicate through Applicant’s family; (2) whether counsel copied the
court of appeals’s opinion and drafted a letter advising Applicant of his right to file a pro se petition
for discretionary review; and (3) when, if at all, counsel communicated with Applicant’s family after
Applicant’s conviction had been affirmed. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim
for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: April 2, 2014
Do not publish