IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-81,228-01 & WR-81,228-02




EX PARTE JOE MIKE MADRID II, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. W-19,877-B-1 & W-21,342-B-1
                         IN THE 181ST DISTRICT COURT FROM RANDALL COUNTY




            Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
sexual assault of a child and indecency with a child. He was sentenced to ten years’ confinement for
each cause. The Seventh Court of Appeals affirmed his convictions. Madrid v. State, Nos. 07-10-0168 & 0169-CR (Tex. Crim. App.–Amarillo December 19, 2013).
            Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to advise him of his right to file a pro se petition for discretionary review. 
            Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court
has entered findings of fact and conclusions of law that although appellate counsel did advise
Applicant that he had the right to petition this Court for discretionary review, he did not advise
Applicant that he could file a pro se petition for discretionary review. The trial court recommends
that relief be granted. Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997).
            We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition
for discretionary review of the judgments of the Seventh Court of Appeals in Cause Nos. 07-10-0168-CR & 07-10-0169-CR that affirmed his convictions in Cause Nos. 19,877-B & 21,342-B from
the 181st District Court of Randall County. Applicant shall file his petition for discretionary review
with this Court within 30 days of the date on which this Court’s mandate issues.
            Applicant’s remaining claims are dismissed. Ex Parte Torres, 943 S.W.2d 469 (Tex. Crim.
App. 1997).
Delivered: May 7, 2014
Do not publish