

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NO. WR-82,009-02**

**EX PARTE JAVIER URIAS, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 20090D03338 IN THE 243rd DISTRICT COURT
FROM EL PASO COUNTY**

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child causing serious bodily injury and sentenced to forty-five years' imprisonment. The Eighth Court of Appeals affirmed his conviction. *Urias v. State*, No. 08-12-00090-CR (Tex. App.—El Paso Mar. 26, 2014) (not designated for publication).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of his right to petition *pro se* for discretionary review.

In response to this Court's remand order, the trial court has entered findings of fact and conclusions of law recommending that relief be granted because the "State has filed a letter to indicate that it does not oppose the grant of an out-of-time petition for discretionary review."[1] However, the trial court did not obtain an affidavit from appellate counsel as was ordered in our initial remand, nor does the trial court offer any explanation why said affidavit was not obtained from appellate counsel.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. Pursuant to *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel on appeal. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After obtaining appellate counsel's affidavit, the trial court shall make findings of fact and conclusions of law as to whether Applicant's appellate counsel timely informed Applicant that his conviction had been affirmed and that he has a right to file a *pro se* petition for discretionary review. The trial court shall also make any other findings of fact and conclusions of law that it deems

---

[1] The letter states in its entirety:

> This letter is in response to the applicant's article 11.07 writ application in which he requests an out-of-time petition for discretionary review (PDR). Based upon the facts and circumstances, the State does not oppose the grant of an out-of-time PDR.

relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 18, 2015
Do not publish