

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,400-01

### EX PARTE JAMES DUBOSE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 20-11-B IN THE 25TH DISTRICT COURT FROM GONZALES COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault on a public servant and attempt to take a police officer's weapon. He was sentenced to concurrent terms of ten and two years' imprisonment. The Thirteenth Court of Appeals affirmed his convictions. *Dubose v. State*, No. 13-12-00515-CR (Tex. App.—Corpus Christi May 1, 2014) (not designated for publication).

Applicant contends that he was denied his right, through no fault of his own, to pursue a

petition for discretionary review after his convictions had been affirmed by the Thirteenth Court of Appeals. In an affidavit, counsel states that he informed Applicant of the appellate court's decision. Counsel, however, does not state whether he also informed Applicant of Applicant's right to file a petition for discretionary review. *See Ex parte Wilson*, 956 S.W.2d 25, 26-27 (Tex. Crim. App. 1997).

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel on appeal. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's appellate counsel timely informed Applicant that his convictions had been affirmed and of his right to file a petition for discretionary review and whether Applicant was denied his right to file a petition for discretionary review. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 14, 2015
Do not publish