

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-85,832-01

**EX PARTE WILLIAM HENRY JOHNSON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2012CRN000199-D1(A) IN THE 49TH DISTRICT COURT
### FROM WEBB COUNTY

*Per curiam*. ALCALA, J., concurs.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of murder and one count of aggravated assault and sentenced to life for the murder count and seventy years' imprisonment for the aggravated assault count, to be served concurrently. The Fourth Court of Appeals affirmed his conviction. *Johnson v. State*, No. 04-13-00912-CR (Tex. App. — San Antonio, June 10, 2015) (not designated for publication).

Applicant contends that his appellate counsel perfected appeal without notifying or communicating with Applicant. Applicant alleges that he believed that he was representing himself

on direct appeal, and did not know otherwise until he was notified by the court of appeals that his conviction had been affirmed. The appellate docket indicates that the Clerk of the Fourth Court of Appeals sent Applicant a copy of the appellate opinion and notified Applicant that the mandate had already issued in his case after the deadline for filing a petition for discretionary review had passed. This Court denied Applicant's *pro se* motion for an extension of time to file his petition for discretionary review on October 1, 2015.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. Pursuant to *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claims of ineffective assistance of counsel on appeal. Specifically, appellate counsel shall state when he was appointed to represent Applicant, and whether and when he notified Applicant that he had been appointed. Appellate counsel shall state whether he communicated with Applicant during the pendency of the appeal, and whether he sent Applicant copies of the appellate briefs and other filings. Appellate counsel shall state whether he timely advised Applicant that the court of appeals had affirmed his conviction. Appellate counsel shall state whether he sent Applicant a copy of the appellate brief and whether he advised Applicant of his right to pursue discretionary review *pro se*. Appellate counsel shall also state whether he filed a letter certifying his compliance with Rule 48.4 of the Texas Rules of Appellate Procedure in the court of appeals. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.

If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was informed that counsel had been appointed to represent him on direct appeal. The trial court shall make findings as to whether appellate counsel communicated with Applicant during the pendency of the appeal. The trial court shall make findings as to whether Applicant's appellate counsel timely informed Applicant that his conviction had been affirmed and that he had a right to file a *pro se* petition for discretionary review. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: November 2, 2016
Do not publish