

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-90,080-01

### EX PARTE FLORENCIO MARTINEZ SANCHEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-432-W011431-1375147-A IN THE 432ND DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual abuse of a child and sentenced to eighty years' imprisonment. The Second Court of Appeals affirmed his conviction. Sanchez v. State, No. 02-16-00383-CR (Tex. App. — Fort Worth, April 26, 2016) (not designated for publication).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of his right to petition *pro se* for discretionary review. Appellate counsel has submitted an affidavit in

which he states that he notified Applicant of the court of appeals' decision and of his right to retain counsel to file a petition for discretionary review.

Rule 48.4 of the Texas Rules of Appellate Procedure requires appellate counsel in a criminal case to, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the client's right to file a *pro se* petition for discretionary review. The notification must be sent via certified mail, return receipt requested. Appellate counsel is also required to send the court of appeals a letter certifying his compliance with the rule, and attaching a copy of the return receipt within the time for filing a motion for rehearing.

In this case, appellate counsel provides a copy of the letter he sent to Applicant, which makes no mention of Applicant's right to file a *pro se* petition for discretionary review. Furthermore, the letter is dated thirteen days after the court of appeals issued its opinion, and contains no indication of how or when it was mailed to Applicant. The appellate docket does not show that a letter certifying compliance with Rule 48.4 of the Texas Rules of Appellate Procedure was sent to that court.

Based on appellate counsel's affidavit, the trial court has entered findings of fact and conclusions of law recommending that Applicant be granted an out-of-time petition for discretionary review "in the interest of justice." Although it is possible that appellate counsel notified Applicant that his conviction had been affirmed within the thirty-day period for filing a petition, and although the trial court's certification of Applicant's right to appeal contained the information that Applicant had the right to file a *pro se* petition for discretionary review, this Court believes that appellate counsel's failure to comply with the requirements of Rule 48.4 of the Texas Rules of Appellate Procedure is *prima facie* evidence that Applicant did not receive the information necessary to make

an informed decision about pursuing discretionary review in this Court. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997).

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Second Court of Appeals in Cause No. 02-16-00383-CR that affirmed his conviction in Cause No. 1375147D from the 432nd District Court of Tarrant County. Applicant shall file his petition for discretionary review with this Court within 30 days of the date on which this Court's mandate issues.

Delivered: September 11, 2019
Do not publish