

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-30,784-02

### EX PARTE KEVIN DAVIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2016CR10897-W1 IN THE 290TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of robbery and sentenced to thirty years' imprisonment. The Fourth Court of Appeals affirmed his conviction. *Davis v. State*, No. 04-17-00236-CR (Tex. App. — San Antonio July 25, 2018) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that appellate counsel failed to timely inform Applicant that his conviction had been affirmed and advise him of his right to file a *pro se* petition for discretionary review. Applicant alleges that he would have pursued a petition for discretionary review had he been timely notified of the appellate decision and of his right to file a *pro se* petition.

Appellate counsel has responded by way of affidavit, in which he states that he sent a letter to Applicant advising him that his conviction had been affirmed and describing his options going forward. A copy of the letter is attached to appellate counsel's affidavit. The letter, which was not sent via certified mail as required by Rule 48.4 of the Texas Rules of Appellate Procedure, did not advise Applicant that he had the right to pursue discretionary review *pro se*, as required by *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). Applicant claims that he never received the letter, and appellate counsel concedes that he did not send a letter certifying compliance with Rule 48.4 to the court of appeals. This Court believes that appellate counsel's failure to comply with the requirements of Rule 48.4 of the Texas Rules of Appellate Procedure is *prima facie* evidence that Applicant did not receive the information necessary to make an informed decision about pursuing discretionary review in this Court.

Relief is granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Applicant may file an out-of-time petition for discretionary review of the judgment of the Fourth Court of Appeals in cause number 04-17-00236-CR. Should Applicant decide to file a petition for discretionary review, he must file it with this Court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: October 6, 2021

Do not publish